**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**YOOSOF FAZAL,**

                        Plaintiff,

   and

**SOCIETY INSURANCE,**

                        Involuntary plaintiff,

                        **Case No. 09-C-1116**

    -vs-

**ADVANCED TABCO, ABC INSURANCE COMPANY,
C&T DESIGN & EQUIPMENT CO., INC.,
DEF INSURANCE COMPANY, EAGLE GROUP,
GHI INSURANCE COMPANY,**

                        Defendants.

---

## DECISION AND ORDER

---

In September 2006, a wire shelving unit collapsed and fell onto Yoosof Fazal ("Fazal") while he was working at the Buffalo Wild Wings restaurant (BW-3) on Mayfair Road in Milwaukee. Fazal brought this action in state court for strict products liability and negligence against Advanced Tabco, C&T Design & Equipment Company (C&T), and Eagle Group. Advanced Tabco removed on the basis of diversity jurisdiction. It is not entirely clear if all of the defendants consented to removal or if the removal was timely, but no objections were raised, resulting in a waiver of any procedural defects. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

After removal, Fazal dismissed his claims against Advanced Tabco and Eagle Group, leaving C&T as the only non-insurance-company defendant. At all relevant times, C&T was engaged in the sale of commercial food service and institutional equipment, including metal shelving units. C&T moves for summary judgment, arguing that Fazal cannot prove it sold the injuring shelf. Also before the Court is Fazal's motion to deem his requests to admit admitted.

I.   **Summary judgment**

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if a dispute over it might affect the outcome of a suit under governing law. *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* The nonmoving party fails to demonstrate a genuine issue for trial where the record taken as a whole could not lead any rational juror to find in the nonmovant's favor. *Logan v. Comm'l United Ins. Co.*, 96 F.3d 971, 978 (7th Cir. 1996).

C&T argues that it is entitled to summary judgment because Fazal cannot prove that he was injured by a shelving unit sold by C&T. In response, Fazal provides evidence demonstrating that the shelving unit was sold by C&T. In 2003, the Mayfair Road BW-3 purchased 40 74-inch green posts, six sets of caster for shelf posts, and eight 24" x 72"

-2-

horizontal shelves from C&T. C&T sold the restaurant eight more 74-inch posts before the accident in 2006. The shelving unit that injured Fazal consisted of similar if not identical materials: four 74-inch green posts, 16 plastic sleeves, four casters, and four 26" x 72" horizontal shelves. Fazal concedes that the restaurant bought shelving equipment from other suppliers, but it does not appear that the Mayfair Road BW-3 bought 74-inch posts from any other supplier. Fazal also concedes that there were shelving units already in the restaurant when BW-3 purchased and moved into the Mayfair Road location. However, C&T provides no evidence which definitively proves that it did not or could not have sold the shelving unit. Moreover, the director of operations for the restaurant believes that the 2003 C&T invoice reflects the materials involved in the accident. Fazal easily provides enough evidence to create a genuine issue for trial. Therefore, C&T is not entitled to summary judgment.

## II.     Requests for admission

Requests to admit are governed by Federal Rule of Civil Procedure 36. A party may serve on any other party a written request to admit the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either, and the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1). If a matter is "not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Further, the answering party "may assert lack of knowledge or information as

a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* Finally, if an answer "does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

The Court reviewed C&T's answers to Fazal's requests to admission and finds that they do not comply with the requirements of Rule 36. For example:

> Request: Admit that the invoice memorialized in Exhibit A was faxed from the Buffalo Wild Wings store, (fax number 414-302-5179) to Oscar, Inc., Attention "James" on April 20, 2008.
>
> Answer: Deny. The fax stamps do not necessarily support this conclusion, and C&T is not aware of any deposition testimony upon which to draw such a conclusion.
>
> Request: Admit that the "James" referenced in the preceding request is James McMahon of Oscar, Inc.
>
> Answer: Deny. There is no deposition testimony to support such a conclusion. Mr. McMahon did not testify about anything resembling Exhibit A.

A request to admit is meant to test the knowledge of the party to which it is directed. An answering party cannot deny a request to admit on the grounds that the requesting party cannot prove the factual matter in the request. *Cf. Havenfield Corp. v. H & R Block, Inc.*, 67 F.R.D. 93, 97 (W.D. Mo. 1973) (deeming requests for admission admitted when responding party's answers were evasive and focused on the accuracy of the requests rather then on the truth of the matters set forth therein). In the language of the rule, these answers do not "fairly respond to the substance of the matter" contained in the requests. Fed. R. Civ. P. 36(a)(6).

-4-

An answering party is free to deny a request to admit, but it appears that C&T is going out of its way to deny Fazal's requests and make certain aspects of his case harder to prove. This goes against the very purpose of the rule, which is to "expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981); *American Auto Ass'n, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1121 (5th Cir. 1991) ("Rule 36 allows parties to narrow the issues to be resolved at trial by identifying and eliminating those matters on which the parties agree").

However, it would be premature, as Fazal demands, to order these matters admitted. When an answering party fails to comply with the requirements of Rule 36, the more typical remedy is to order a supplemental response with the understanding that matters will be deemed admitted if future answers are noncompliant. *Asea*, 669 F.2d at 1247 (court should ordinarily first order an amended answer and deem the matter admitted only if a sufficient answer is not timely filed); *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 257-58 (C.D. Cal. 2006). Deeming the requests admitted would be particularly unfair because Fazal did not even attempt to meet and confer with C&T prior to filing this motion. Fed. R. Civ. P. 37(a)(1); Civil L.R. 37 (E.D. Wis.) Fazal argues that the meet and confer requirements do not apply to his motion because he only wants the Court to deem his requests admitted. However, when deciding a motion to determine the sufficiency of answers under Rule 36(a)(6), it is within the Court's discretion to either deem them admitted or order that an answer or amended answer be served. Accordingly, a motion to determine the sufficiency

of answers under Rule 36(a)(6) appears to fall within Rule 37(a)(1)'s general application to motions for orders "compelling disclosure or discovery." This conclusion is bolstered by the fact that Rule 36(a)(6) refers to Rule 37(a)(5), which provides that a party is not entitled to recover the costs of his motion if he "filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Fed. R. Civ. P. 37(a)(5)(A)(i). Accordingly, a party moving for relief under Rule 36(a)(6) is given an explicit incentive to meet and confer in good faith with the responding party. 8B Charles Alan Wright, Arthur R. Miller, *Federal Practice & Procedure* § 2263 (4th ed. 2009 & Supp. 2010). Fazal's failure to alert C&T to the fact that its answers were problematic pursuant to the meet and confer provisions of Rule 37(a)(1) counsels against deeming the answers admitted without a chance to amend.

Fazal's complete failure to meet and confer with C&T also means that Fazal cannot recover the fees and expenses incurred as a result of filing this motion. Fed. R. Civ. P. 37(a)(5)(A)(i). Fazal argues that his noncompliance should be excused because C&T moved for summary judgment immediately after being served with the requests to admit. According to Fazal, this forced him to file his motion with respect to the admissions without delay. The Court does not understand why immediate action was necessary. Fazal easily defeated summary judgment without the benefit of proper answers to his requests. As noted, the purpose of requests for admission is to narrow issues for trial, and the trial in this matter is not scheduled until April of 2011.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. C&T's motion for summary judgment [D. 27] is **DENIED**;

2. Fazal's motion to deem requests admitted and for costs [D. 37] is **DENIED**, however, C&T must supplement its answers to Fazal's requests to admit on or before **November 5, 2010**.

Dated at Milwaukee, Wisconsin, this 22nd day of October, 2010.

                                      **SO ORDERED,**

                                      **s/ Rudolph T. Randa**
                                      **HON. RUDOLPH T. RANDA**
                                      **U.S. District Judge**